

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,510

### EX PARTE JOHN AVALOS ALBA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS FROM COLLIN COUNTY

JOHNSON, J., filed a dissenting opinion in which HOLCOMB, J. joined.

## O P I N I O N

The federal courts have returned this case to us so that applicant may exhaust his state remedies on a claim of an Eighth Amendment violation. Our response is to close all avenues for review. When a claim of constitutional dimension is raised, there simply must be a mechanism for considering it on its merits.

Because this is a death case, our options include the statutory writ of habeas corpus pursuant to Article 11.071 of the Texas Code of Criminal Procedure, the constitutional writ pursuant to Article V, § 5, or a writ of prohibition. Judge Price has set out the case for the statutory writ, Judge

Cochran has set out the case for the constitutional writ, and In Chi v. State, __S.W.3d ___, (2008), Judge Hervey has set out the case for the writ of prohibition. None of the options suit this situation well. In this context, however, due process of law requires access to some form of habeas corpus; the writ of prohibition is unsuited to be the mechanism of choice.

The requirements of a writ of prohibition, as for a writ of mandamus, are that there be no adequate remedy at law and either that the duty to do or not do is ministerial or that the applicant has a clear right to the relief he wants. Many times each year we issue remand orders that recite that the applicant has stated facts that, *if true*, would entitle him to relief. The critical issue is, of course, "if true." We remand for a hearing because, at the time we issue the remand order, we do not know if the applicant's allegations are, in fact, true. Due process demands that we make an effort to determine where truth lies.

*Chi*, *Alba*, and all the other cases being held for them, hang on a single issue–the constitutionality of the Texas lethal-injection protocol–that has never been subject to a hearing of any kind. Certainly the Texas protocol is similar to the Kentucky protocol in the kind of drugs administered and some of the training standards for executioners and dissimilar in other ways, such as the amount of each drug used. Remaining at issue is whether the Texas protocol has safeguards that are at least at the level of Kentucky's practices–approved by Chief Justice Roberts and excoriated by Justice Ginsberg. Due process requires that there be, in at least one case, a hearing that considers the Texas safeguards to determine whether they pass muster. Without a hearing, we cannot say whether applicant does or does not have a clear right to relief.

At this point, we cannot say whether applicant's allegations, *if true*, entitle him to relief. To dismiss them without a hearing of any kind by saying that his claims have no merit turns the writ of

prohibition into a door to a brick wall. Given the recent decision of the United States Supreme Court in *Baze v. Kentucky*, __ U.S. __, 128 S.Ct. 1520 (2008), applicant is unlikely to prevail on the merits, but the likelihood of prevailing on the merits should not determine how we deal with the claims. It is likely that, some time in the future, we will again be faced with claims that do not fit neatly into one of the usual boxes. Discerning now how this claim can be heard on the merits will be of value to this Court when that day comes. I respectfully dissent.

Filed: June 9, 2008
Publish